STATE of Oklahoma, ex rel. DEPARTMENT OF CORRECTIONS, Appellant,

v.

Claudia JOHNSON, Appellee.

No. 58771.

Supreme Court of Oklahoma.

June 12, 1984.

---

Michael Avant-Pybas, Gen. Counsel, Okl. Dept. of Corrections, Oklahoma City, for appellant.

Thomas A. Williams, Oklahoma City, for appellee.

LAVENDER, Justice:

Appellant, Department of Corrections of the State of Oklahoma (Department), appeals from an order of the District Court sustaining Appellee's demurrer to the Department's Petition for Judicial Review filed in the District Court.

Appellee, who was employed by the Department at the Clara Waters Community Treatment Center at Oklahoma City, Oklahoma, was discharged by the Department on January 11, 1982, in accordance with the recommendation following a Departmental Personnel Hearing as a result of violation of the Oklahoma Department of Corrections Operational Policies. Appellee duly appealed to the State Personnel Board, which referred the appeal to a hearing examiner for a hearing on said discharge. The hearing examiner conducted a hearing on the discharge, and reversed the order of discharge. The foregoing proceedings were pursuant to 74 O.S.1980, § 833 (since repealed and superseded by the Oklahoma Personnel Act, Laws 1982 c. 338 § 1, et seq.).

Section 833, in pertinent part, provides:

"Within ten (10) days after said hearing the hearing examiners shall prepare findings in written form and shall so notify said employee. The employee shall be sustained or not sustained .... If sustained ... the hearing examiners may: ... (2) order reinstatement of ap-

pellant with full rights and without loss of pay or other benefits.

"The findings of the hearing examiners shall be final and conclusive upon all questions within their jurisdiction between the parties unless appealed to a court of competent jurisdiction....."

The Board filed a Motion for Rehearing, Reopening or Reconsideration before the State Personnel Board, alleging that the Oklahoma State Personnel Board is an agency as defined in the Oklahoma Administrative Procedures Act and thereby governed by rules set forth in 75 O.S.1981 §§ 301–308 and § 317 et seq., and further alleging that the State Personnel Board has jurisdiction under 75 O.S.1981 § 317 to rehear, reopen, or reconsider the order of the hearing examiner. The State Personnel Board denied the motion. The Department filed a Petition for Judicial Review in the District Court. Appellee demurred to the Petition for Review, and the District Court sustained the demurrer on the ground that the Motion for Rehearing was not timely filed, leaving the District Court without jurisdiction. Department appeals.

The Oklahoma Administrative Procedures Act provides, in pertinent part:

"§ 317. A decision of an individual proceeding shall be subject to rehearing, reopening or reconsideration by the agency, *within ten (10) days from the date of its entry.*

    *     *     *     *     *     *

"*If an application for rehearing shall be timely filed,* the period within which judicial review, under the applicable statute, must be sought shall run from the final disposition of such application.

"§ 318. * * *

"In all other instances, proceedings for review shall be instituted by filing a petition ... in the district court ... within 30 days after the appellant is notified of the order *as provided in Section [312] hereof.*" (Emphasis supplied.)

On the day of the hearing before the hearing examiner and at the conclusion thereof (on February 24, 1982), the hearing examiner announced his decision reversing the Appellee's discharge. The announcement was made in the presence of Appellant's counsel and in the presence of Appellee and Appellee's counsel. Thereafter, the hearing examiner reduced his findings and conclusions to writing and the same was filed in the cause on March 1, 1982. The Petition for Rehearing was filed on March 10, 1982, within ten days from the filing of the findings and conclusions of the hearing examiner, but more than ten days from the date of the announcement of the hearing examiner's decision. Appellant commenced this action for Judicial Review on May 6, 1982.

In *Hughes v. City of Woodward,* Okl., 457 P.2d 787 (1969), we quoted with approval from *Sanders v. Oklahoma Employment Security Commission,* 200 Okl. 366, 195 P.2d 272, as follows:

"Where an administrative remedy is provided by statute, relief must be sought from the administrative body, and that remedy must be exhausted before the courts will act; exhaustion of the administrative remedy is a jurisdictional prerequisite for resort to the courts."

Where a statute prescribes a time limitation within which an administrative remedy is afforded, timely filing is jurisdictional. *State v. Emergency Physicians, Inc.,* Okl., 631 P.2d 743 (1981); 2 Am.Jur.2d Administrative Law § 595; *Edmondson v. Siegfried Ins. Agcy., Inc.,* Okl., 577 P.2d 72 (1978).

The decisive issue then is when was the decision of the trial examiner "entered" within the meaning of the Oklahoma Administrative Procedures Act, § 317 authorizing rehearing "within ten (10) days from the date of its entry?"

As a general rule, a judgment is rendered when pronounced by the trial court. The journal entry is only a record thereof. *Warehouse Market, Inc. v. Berry,* Okl., 459 P.2d 853 (1969). We have recognized exceptions to the general rule. In *McCullough v. Safeway Stores, Inc.,* Okl., 626 P.2d 1332 (1981) we held that

where a case is taken under advisement and a decision thereafter rendered in the absence of the parties at a time other than one regularly appointed, either for trial or pronouncement of judgment the *in absentia* minute entry does not constitute the entry of judgment for the purpose of triggering the appeal time limitations. Rather, the judgment is entered when notice of its entry has been mailed to the parties to the action. In *Bobo v. Bigbee*, Okl., 548 P.2d 224 (1976), we held that a judgment is not pronounced until a final determination has resolved all the issues. In *Bobo*, the trial court took the case under advisement. Thereafter, the trial court orally told one of the attorneys he was ruling in their favor, and entered on the appearance docket for that day: "Enter order findings of fact and conclusions of law and judgment as per J.E." The attorney for the losing side was not present and the judge asked the winning attorney to advise the loser of the ruling, which the winning attorney did. The losing attorney checked the appearance docket and conferred with the judge, who advised him the judgment would be dated the date the journal entry was prepared. We there held that the judgment was entered on the date of the journal entry, and that there had been no pronouncement of a judgment prior to the date of the journal entry.

■ Neither exception is applicable to the case at bar. Here, both parties were present and heard the trial examiner's oral pronouncement on the day of the hearing that Appellant had not violated the rules which were a basis for her discharge and that Appellant was ordered reinstated with full rights and without loss of pay. The preparation and filing of written findings of fact and conclusions of law was only a record of the decision announced to both parties at the conclusion of the evidence on the day of the hearing. Where the at-hearing pronouncement of the decision of an administrative agency disposes of all pending issues and is unequivocal in result, we hold that the pronouncement constitutes an "entry" of the decision within the meaning of § 317 of the Oklahoma Administrative

Procedures Act for the purpose of determining the time in which a motion for rehearing is authorized to be filed.

Appellant urges that even if the decision of the trial examiner was "entered" upon pronouncement, the mandatory provisions of 75 O.S.1981 § 312 require that the running of time limitations for the filing of a motion for rehearing begins with compliance with its terms. We disagree.

■ Section 312 provides:

"A final order adverse to a party in an individual proceeding shall be in writing *or stated in the record.* A final order shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. If, in accordance with agency rules, a party submitted proposed findings of fact, the order shall include a ruling upon each proposed finding. *Parties shall be notified either personally or by mail of any order.* Upon request, a copy of the order shall be delivered or mailed forthwith to each party and to his attorney of record." (Emphasis supplied.)

The obvious purpose of § 312 is not to affect the date of the "entry" of the order, but to provide a prerequisite foundation for consideration of the appeal. In *Roussel v. State ex rel. Grimes*, Okl., 614 P.2d 53 (1980), we said (58):

"The provisions of 75 O.S. § 312 provide that final orders in an individual proceeding which are adverse to a party shall be in writing and shall contain specific findings of fact and conclusions of law. .... The underlying rationale of such a requirement is to enable reviewing courts to intelligently review the orders of administrative agencies and ascertain if the facts and law upon which the order is based afford a reasonable basis for the order. In short, specific findings of fact and conclusions of law are deemed necessary for an intelligent review of an agency's order."

This view of the purpose of § 312 is fortified by the language within the section which states that "A final order ... shall be in writing *or stated in the record.*" The final order was here stated in the record upon the trial examiner's pronouncement. The *sufficiency* of the written findings and conclusions is not at issue. Neither is the *timeliness* of the findings and conclusions before us, as it was in *Oklahoma Pioneer, Inc. v. Carpenter*, Okl., 617 P.2d 210 (1980).

The order of the District Court sustaining Appellee's demurrer to the Petition for Judicial Review is affirmed, and the cause is dismissed.

BARNES, C.J., and HODGES, DOOLIN and HARGRAVE, JJ., concur.

WILSON, J., concurs in result.

OPALA, J., concurs in part; dissents in part.

SIMMS, V.C.J., and KAUGER, J., dissent.