**ABSTRACTS OF OKLAHOMA, INC., Appellee/Cross–Appellant,**

v.

**PAYNE COUNTY TITLE COMPANY, Appellant/Cross–Appellee,**

**Clifton H. Scott, State Auditor and Inspector, Intervenor/Appellee/Cross–Appellant.**

**No. 71111.**

Supreme Court of Oklahoma.

Feb. 4, 1992.

C. Wayne Litchfield, Litchfield & Patterson, Oklahoma City, Reid K. Mayfield, Atoka, for appellant.

Tim W. Green, Robert J. Turner, Turner, Turner & Braun, Oklahoma City, for appellee and cross-appellant Abstracts of Oklahoma, Inc.

Linda L. Gray, Jim McGoodwin, Oklahoma City, for intervenor/appellee and cross-appellant Scott.

SIMMS, Justice:

This is an appeal from a judgment of the District Court of Payne County reversing an order made by the State Auditor and Inspector of Oklahoma, Clifton H. Scott (Auditor), in his capacity as administrator of the Oklahoma Abstractors Law, 74 O.S.Supp.1984, § 227.10 et seq., which ordered the destruction of a portion of the abstract plant compiled by appellee, Abstracts of Oklahoma, Inc. (AOI). Because the district court reached the correct result in its determination that the records should not be destroyed, we affirm the judgment of the district court. The facts are as follows.

In 1983, in order to engage in the business of abstracting, AOI began compiling an abstract plant by copying the indexes of the Payne County Court Clerk into a computer.[1] Employees of AOI extracted information from documents copied from the files of the court clerk and the county clerk and added such information to this shell index. This process continued after November 1, 1984 when 1984 Okla. Sess. Laws, ch. 163 became effective which re-

---

1. An "abstract plant" is a set of records with entries made of all documents filed in the offices of the county clerk and court clerk of a certain county which legally impart constructive notice of matters affecting title to, interest in, and encumbrances upon real property within that county.

quired all individuals and other entities wishing to engage in the business of abstracting to "have available for use or commence compilation of an abstract plant." 74 O.S.Supp.1984, § 227.19.[2]

Pursuant to the new law, AOI applied for and received from the Auditor a permit to develop an abstract plant. Payne County Title Company (PCTC), appellant, later filed a petition with the Auditor seeking the revocation of the permit issued to AOI. The Auditor appointed a hearing examiner who heard evidence and denied PCTC's application.

PCTC petitioned the Auditor to review the hearing examiner's decision. He reversed the examiner's ruling in part, finding that the records of the Payne County offices did not contain all the entries for, or copies of, all documents and instruments affecting title to real property because many documents were destroyed when the county courthouse burned in 1894. He also found that PCTC's abstract plant included books compiled prior to and after the 1894 fire which contain entries describing the various records destroyed in the fire. Not-

ing that no effort had been made to restore these documents to the possession of the clerks even though a method is provided in 67 O.S.1981, §§ 20–21,[3] the Auditor concluded that a new abstract plant could not be completed until the documents were restored to the county clerk and the court clerk. Therefore, AOI could continue building its abstract plant under the properly issued permit, but when the permit expired, *it would not be renewed* nor would a certificate of authority be granted until the records in Payne County were complete.

The Auditor also found that data in the abstract plant had been improperly entered by unlicensed personnel, as well as improperly compiled under the indexes which AOI copied from the court clerk. The Auditor held that since these materials were not obtained in compliance with the law, they must be destroyed, but that in all other respects, PCTC's petition to have AOI's permit revoked must be denied.

PCTC then filed an application for rehearing of the Auditor's final order as authorized by 75 O.S.1981, § 317 of the Ad-

---

**2.** Abstractors were first required to maintain their own independent set of abstract books or other system of indexes in 1937. *See* 1 O.S. 1941, § 13; 1937 Okla. Sess. Laws, ch. 37. The new legislation incorporates the language of Title 1 O.S.1981, §§ 1–15, and adds new provisions for clarification. *American First Abstract Co. v. Western Information Sys., Inc.,* 735 P.2d 1187 (Okla.1987).

**3.** Title 67 O.S.1981, § 20 provides as follows:
. "It shall be the duty of the judge of the county court, or the judge of the district court of any county in this State, in which any public records have been lost or destroyed to examine into the state of the records in such county, and in case he finds any abstracts, copies, minutes or extracts from said records existing after such destruction as aforesaid, and finds that said abstracts, copies, minutes or extracts were fairly made before the destruction of the records by any person, in the ordinary course of business, and that they contain a material and substantial part of said records, and, that such abstracts, copies, minutes and extracts tend to show a connected chain of title to the land in said county, the said judge shall certify the facts found by him in respect to such abstracts, copies, minutes

and extracts, and said judge, shall cause all evidence produced as to said abstract books to be reduced to writing, and shall cause all such evidence to be spread of record, as a part of the order of said court."
Section 21 of the same title provides:
"Upon filing of a certificate of such county or district judge with the clerk of the county, the county commissioners may, with the approval of the judge of the county or district court, of the county purchase from the owners thereof of such abstracts, copies, minutes or extracts, or such part thereof as may tend to show a connected chain of title to the land in such county, including all such judgments and decrees as form a part of any such chain of title, paying therefor such fair and reasonable price as may be agreed upon between them and such owners; the amount thus agreed to be paid for such abstracts, copies, minutes or extracts shall be paid by such county in money or bonds, to be issued by said county as the county commissioners may determine, or such county commissioners may, with said approval, procure a copy of said abstracts, copies, minutes and extracts, instead of the original, to be paid for in like manner."

ministrative Procedures Act and Rule 15.1 of the Rules and Regulations Governing The Oklahoma Abstractors Law (Rules). However, AOI petitioned the Payne County District Court to review the Auditor's order, naming PCTC as appellee. PCTC moved to dismiss the petition, arguing that administrative remedies had not been exhausted on the basis that the petition for appellate judicial review was filed before the disposition of the rehearing motion. The court overruled the motion to dismiss and allowed the Auditor to intervene in the matter. After reviewing the case, the court entered the order which is the subject of this appeal.

The district court determined that the Oklahoma Abstractors Law requires no more from an abstract plant than it "contain information leading to the location of documents" and that an abstractor need only report what is filed in the county offices and need not determine what documents should be placed there. The court noted evidence which showed that the documents destroyed in the 1894 fire account for between .01% to .3% of all instruments filed. The court concluded that the county offices currently have on file between 99.7% to 99.99% of all documents ever filed which affect real property in Payne County and considered this percentage to be substantial enough to fulfill the law's requirements.

The trial court emphasized that the inspection team sent by the Auditor to inspect AOI's abstract plant did *not* cite the work of unlicensed personnel or the use of the court clerk index as affecting the sufficiency or dependability of the work product completed. The court determined that the unlicensed personnel had performed tasks which were clerical in nature and were under the supervision of licensed abstractors as permitted by law; that safeguards such as the inspection team were sufficient in assuring the abstract plant possessed accurate and dependable information.

The court set aside the Auditor's order holding it was "clearly erroneous in view of the reliable, material, probative evidence," 75 O.S.1981, § 322(1)(e), and refused to entertain any other matters as being outside his jurisdiction.

PCTC appeals the decision of the district court. The Auditor also appeals, making similar arguments to those of PCTC and challenging the court's invocation of jurisdiction. AOI filed a cross-petition and counter-petition in error, asserting error in the court's refusal to address any other matters. We address the jurisdictional argument of PCTC first.

I.

## JURISDICTION OF DISTRICT COURT

■ Rule 15.1 of the Rules Governing the Oklahoma Abstractors Law adopted by the Auditor provides that a party to an individual proceeding may request a rehearing in writing within ten days of the date of the final order. By its own language, the rules make orders final unless a request for rehearing is filed within the time limit. The date of the Auditor's order was May 27, 1987. The request for rehearing was filed on June 8, 1987, twelve days after the date of the order. Thus, PCTC failed to make its request within the time constraints, and the order was legally final and appealable. Our ruling comports with the provision on rehearings contained within the Administrative Procedures Act, 75 O.S.1981, § 317. *See also Conoco, Inc. v. State Dep't of Health*, 651 P.2d 125, 128 (Okla.1982).

AOI appealed the order to the district court on June 25, 1987. Because AOI appealed the order within thirty (30) days as required by 75 O.S.1981, § 318, the district court had jurisdiction.

II.

## STANDARD OF REVIEW

In reviewing whether the district court erred in setting aside the Auditor's order

we look to *Tulsa Area Hosp. Council, Inc. v. Oral Roberts Univ.*, 626 P.2d 316, 320 (Okla.1981), which summarizes the standard of review of administrative decisions. We held:

"A court of review may not substitute its own judgment for that of an agency, particularly in the area of expertise which the agency supervises. * * * *If the facts determined by the administrative agency are supported by substantial evidence, and the order is otherwise free of error, the decision of the agency must be affirmed."* (Emphasis supplied) See also *Toxic Waste Impact Group, Inc. v. Leavitt*, 755 P.2d 626, 630 (Okla. 1988).

### III.

### UNLICENSED PERSONNEL

■ PCTC asserts that the district court erred in finding the unlicensed AOI employees were performing tasks which were clerical in nature and under the supervision of a licensed abstractor. The parties stipulated that many of the employees were not licensed or if licensed, had worked for some time before acquiring a license. The stipulation contained a summary of the employees' duties and AOI's operations. The employees were trained by a licensed and experienced abstractor, monitored by him for a while, and then assigned to do the work which was checked periodically by licensed supervisors. Their work consisted of reviewing documents to determine the type of instrument, date, grantor, grantee, book and page number of the instrument and a legal description of the real property affected by the instrument. This information was then typed into a computer.

■ Title 74 O.S.Supp.1984, § 227.-23(A)(5), lists the rights and responsibilities of those holding abstract licenses to include compiling, posting, copying, and maintaining their books, records, and indexes, i.e. their abstract plant. This provision seems to encompass those very acts which the

typists were doing for AOI while without a license, and consequently, the record contains substantial evidence for the Auditor's finding that AOI used unlicensed employees. We agree with the district court, however, that these entries by unlicensed personnel made under the supervision of licensed supervisors do not violate the statutory provisions. Compilations and entries made under the direction of a licensed supervisor substantially comply with the law. See 74 O.S.Supp.1984, § 227.24. Anything recorded by an unlicensed typist without proper licensed supervision may be deemed by the Auditor as material which does not comply with the law.

■ The court was correct in overturning the Auditor's conclusion of law that it was necessary to destroy the recorded data which was taken from documents and typed by unlicensed AOI employees, and that a licensed employee should then search the records, prepare information and type it into the computer index. This order was beyond the Auditor's statutory authority.

Pursuant to 74 O.S.Supp.1984, § 227.13, the Auditor, as administrator of the new act, is charged, among other things, with prescribing rules and regulations necessary to implement the law and issuing licenses, certificates of authority, and permits upon proper examination. To enforce compliance, the Auditor has the power to suspend or revoke licenses and certificates of authority and to reprimand licensees and certificate holders or place them on probation or require additional education. Neither this nor any other provision in the act empowers the Auditor with authority which can be construed to allow the order of destruction. While he could deny a certificate of authority, the Auditor was without statutory authority to order AOI to destroy part of its abstract plant.

### IV.

### PAYNE COUNTY COURT CLERK'S INDEX

■ PCTC next argues the district court erred in concluding that AOI could

use an index copied from the court clerk's office in creating its index. The applicable statute, 74 O.S.Supp.1984, § 227.11(2), states in its definition of an abstract plant that the indexes created by a permit holder or certificate holder are *not* to be "copied from any county index." Such a law is designed to force abstractors to have an independent set of abstract books or indexes so no reliance is placed upon the indexes of the county office. *T.I.M. Co. v. Oklahoma Land Title Ass'n,* 698 P.2d 915, 918 (Okla.1984). This requirement also exists because the county records are not designed for the purpose of abstracting and are more likely to cause erroneous abstract compilations. *Id.*

AOI admitted in the hearing that the index they created was first copied from the indexes of the Payne County Court Clerk prior to 1984. From this shell index, AOI added other information taken directly from filed instruments. This manner of compiling an index for an abstract plant clearly violates the statute as it is a copy of a county index.

■ For this reason, the Auditor ordered the destruction of all records entered into the computer prior to 1984, the year that the abstractors law became effective and the year that AOI's permit to build an abstract plant was issued. The Auditor has again proceeded beyond the authority granted by ordering the destruction of all pre–1984 records, and the district court was correct in overturning the Auditor's determination.

Hence, whenever AOI applies for a Certificate of Authority, the Auditor is only authorized to issue or deny such application.

V.

RECORDS DESTROYED IN
THE FIRE OF 1894

■ PCTC's final proposition concerns the records destroyed in the 1894 fire. The court determined these records were not significant enough to require proceedings to have them refiled and added to AOI's abstract plant. We need not address the merits of this determination because we find the decision of the State Auditor and Inspector concerning these records to be premature.

At the time of this action, AOI had not applied for a certificate of authority to engage in abstracting. The Auditor's determination that such certificate will not be granted prior to AOI's application on the grounds that records prior to 1894 were destroyed in a fire was outside the scope of the proceeding and the Auditor's authority. As long as AOI complies with the law, they are entitled to continue compiling an abstract plant pursuant to a permit which has not expired or been revoked. When such compilation is completed, they may apply for a certificate of authority. *See* 74 O.S.Supp.1984, §§ 227.17, 227.18, and 227.-21. The State Auditor and Inspector is required by statute to issue the certificate of authority to any applicant who has complied with the provisions of the Oklahoma Abstractors Law. 74 O.S.Supp.1984, § 227.18(A). However, 74 O.S.Supp.1984, § 227.21 states that a permit holder shall comply with the Oklahoma Abstractors Law to obtain a certificate of authority after compilation of the abstract plant.

■ The Auditor declined to revoke AOI's permit to develop an abstract plant, yet held that any subsequent application would be denied. This ruling is premature. Denial of AOI's application of renewal must await the actual application for renewal.

Thus, we affirm the district court's finding of error in the Auditor's order in regards to the pre–1894 records. Although we do not at this time determine whether the missing records are grounds for refusing issuance of a certificate of authority, we hold that they are not grounds to refuse renewal of a permit to compile an abstract plant until AOI applies for such renewal. The Auditor's order was affected

by error of law and "clearly erroneous in view of the reliable, material, probative and substantial competent evidence," 75 O.S. 1981, § 322(1)(d) and (e).

## VI.

### COUNTER–APPEAL AND CROSS–APPEAL

 In its counter and cross-appeal, AOI argues that the district court erred in refusing to inspect its abstract plant and grant a certificate of authority to AOI. There is no evidence that AOI applied for a certificate as required by 74 O.S.Supp.1984, § 227.14 and 227.17. Nor is there any indication that AOI has completed its abstract plant in compliance with the law, especially in light of this Court's findings. Furthermore, the State Auditor and Inspector is the "sole governmental entity" authorized to issue certificates of authority. 74 O.S.Supp.1984, § 227.12(A). Therefore, the district court did not err in declining to inspect AOI's abstract plant and refusing to grant a certificate of authority to AOI.

## VII.

### CONCLUSION

The Auditor's findings of fact concerning the use of unlicensed personnel to review instruments, the use of an index copied from the court clerk, and the lack of pre–1894 records in the abstract plant are supported by substantial evidence. However, his conclusions of law were erroneous as they went beyond his authority in ordering the destruction of records and made premature orders regarding applications for a Certificate of Authority and a permit renewal. Thus, the district court did not err in reversing the Auditor's order. For the reasons stated above, the judgment of the district court is AFFIRMED.

HODGES, V.C.J., and LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

OPALA, C.J., concurs in result.