## MID–CONTINENT CASUALTY COMPANY, Petitioner,

v.

## Michael Jay POTTER and the Workers' Compensation Court, Respondents.

### No. 81788.

Court of Appeals of Oklahoma, Division No. 4.

Oct. 25, 1994.

Certiorari Denied Dec. 12, 1994.

Released for Publication by Order of the Supreme Court Dec. 12, 1994.

Brian A. Curthoys, Schoeppel & Curthoys, P.A., Tulsa, for petitioner.

Wilson Jones, Jones–Zurawik, Tulsa, for respondents.

## MEMORANDUM OPINION

TAYLOR, Presiding Judge.

Petitioner, Mid–Continent Casualty Company (Insurer), seeks review of an order of the Workers' Compensation Court vacating a default order terminating Claimant's temporary total disability and vacating an order nunc pro tunc finding that Insurer was entitled to a credit for overpayment of temporary total disability. Based on our review of the record, the briefs of the parties, and the applicable law, we vacate the order of the Workers' Compensation Court and remand with instructions to proceed upon the appeal to the three-judge panel.

The uncontroverted facts are that Claimant was employed by HSI Heater Specialists, Inc., and that on May 17, 1991, he incurred a work-related accidental personal injury. Claimant filed his Form 3 on November 8, 1991, and Insurer commenced making payments to Claimant for temporary total disability.

In September 1992, Insurer filed a Form 11, Motion to Terminate Temporary Compensation, on which the trial court subsequently set hearing for February 23, 1993. On December 15, 1992, however, the trial court granted Claimant's attorney's motion to withdraw as counsel.

Claimant contacted an attorney in Muskogee to represent him at the hearing scheduled for February 23. Allegedly, the attorney agreed to represent Claimant and advised him that he would appear and obtain a continuance. He also told Claimant that it would be unnecessary for Claimant to be present.

At the February 23 hearing, neither Claimant nor his attorney appeared. The trial court entered a default order granting Insurer's motion to terminate temporary total disability compensation, and made a finding that Insurer was entitled to a credit of $1,107 for overpayment of temporary total disability. Copies of the trial court's order were mailed to the parties on February 26, 1993. On March 4, 1993, the trial court entered a nunc pro tunc order to "correct a scriveners error" that the Insurer was entitled to a credit for overpayment of temporary total disability compensation of $13,899.

On March 8, 1993, Claimant, appearing pro se, filed (1) a motion for new trial; (2) a motion to vacate the order of February 26,

**1385**

1993, and the order nunc pro tunc of March 4, 1993; and (3) an appeal to the Workers' Compensation Court three-judge panel. It is well settled that a motion for new trial is unauthorized and unavailable in Workers' Compensation Court. *Snyder v. Smith Welding & Fabrication,* 746 P.2d 168 (Okla. 1986).

On April 15, 1993, however, the trial court conducted a hearing on Claimant's motion to vacate. Claimant appeared pro se. The trial court advised Claimant that so long as his appeal to the three-judge panel was pending, the trial court lacked jurisdiction to proceed. Claimant requested a continuance to seek legal advice. The trial court stated that it lacked jurisdiction to grant a continuance. Claimant then announced in open court that he dismissed his appeal to the three-judge panel. Claimant filed no notice with the three-judge panel that he dismissed his appeal or that he was requesting the panel to approve such dismissal, nor did he otherwise file any written dismissal of the appeal.

The trial court set Claimant's motion to vacate for hearing on May 5, 1993. Counsel for Claimant and Insurer were present and the trial court entered an order vacating its orders of February 26 and of March 4, 1993. It is from this order, which was filed of record on May 27, 1993, that Insurer appeals, contending that the trial court erred as a matter of law in vacating its order more than twenty (20) days after a copy of the order had been sent to the parties affected.

We find the trial court did not have jurisdiction to rule on Claimant's motion to dismiss his appeal to the Workers' Compensation Court three-judge panel. Claimant's timely filing of an appeal to the three-judge panel divested the trial court of jurisdiction to proceed further. *Smith v. State Industrial Court,* 408 P.2d 317 (Okla.1965). Even though the issue of jurisdiction was not raised by the parties, this court has the authority and duty to inquire in each case as to our jurisdiction as well as the jurisdiction of the court from which the appeal arises. *Hayhurst v. Hayhurst,* 421 P.2d 257 (Okla. 1966).

Based on the foregoing, we find the trial court was without jurisdiction to proceed after claimant filed his timely appeal to the Workers' Compensation Court three-judge panel. The trial court's order filed May 27, 1993, is vacated and the case remanded with instructions to proceed with the appeal to the three-judge panel.

ORDER VACATED AND CASE REMANDED WITH INSTRUCTIONS.

REIF, C.J. (sitting by designation), and STUBBLEFIELD, J., concur.