2002 OK 20

The STATE of Oklahoma ex rel. The OKLAHOMA BOARD OF MEDICAL LICENSURE AND SUPERVISION, Plaintiff/Appellee,

v.

Ambrosio PINAROC, M.D., Appellant/Defendant.

No. 96,897.

Supreme Court of Oklahoma.

March 19, 2002.

Darryl F. Roberts, Ardmore, OK, for Appellant.

Elizabeth Scott, Oklahoma City, OK, for Appellee.

SUMMERS, J.

¶ 1 This matter is before us on a *sua sponte* inquiry into our appellate jurisdiction prior to a disposition on the merits of the

appeal.[1] We conclude that a timely filed motion for rehearing pursuant to 75 O.S.Supp.1992 § 317 extended the time to appeal from a final order of the Board of Medical Licensure, that the appellate procedure for an appeal from an agency to this Court should allow for a timely supplemental petition in error to cure a prematurely filed petition in error, and that this appeal is timely to review three administrative orders. Because we recently amended Oklahoma Supreme Court Rule 1.77 by separate order to comply with state statutes, we provide Appellant an opportunity to file a supplemental petition in error to cure the prematurity of his appeal. We direct that the appeal shall proceed at this time.

¶ 2 Dr. Pinaroc holds an Oklahoma medical license. The Board of Medical Licensure held a hearing, and on May 4, 2001, suspended Dr. Pinaroc's license "until the Board meeting on July 19–21, 2001, at which time Defendant may appear before the Board to seek reinstatement of his license." Dr. Pinaroc then unsuccessfully sought reinstatement of his license at the July hearing; the Board suspended his medical license until he completed an evaluation program and submitted the results to the Board. As a result of that hearing a second "Final Order of Suspension" was issued. The order is dated August 2, 2001 and contains a certificate of service stating that the order was mailed to both Dr. Pinaroc and his counsel on August 3, 2001. Dr. Pinaroc then filed a Motion for Rehearing before the Board, which was denied. The Board's written order is dated October 2, 2001, and the certificate of service states that it was mailed to counsel for Pinaroc on October 15, 2001.

¶ 3 The State Board of Medical Licensure and Supervision has the power to revoke, suspend or impose disciplinary actions upon the license of a physician or surgeon, "and appeals from its decisions shall be taken to the Supreme Court of this state within thirty (30) days of the date that a copy of the decision is mailed to the appellant, as shown by the certificate of mailing attached to the decision." 59 O.S.Supp.1998 § 513.[2] The Board's decision was a "disciplinary action" against Pinaroc, and § 513 applies to this controversy. *See Davuluri v. State ex rel. Oklahoma Bd. of Medical Licensure and Supervision,* 2000 OK 45, ¶ 20, 10 P.3d 198, 202, (explaining the distinction between disciplinary actions and a denial of application for a license).

¶ 4 Pinaroc's petition in error states that it is an appeal from the Board's orders issued May 4, 2001, and August 2, 2001. The petition in error was filed October 12, 2001, a date more than thirty days from both May 8, 2001 and August 3, 2001, the dates the orders were mailed to the doctor. Pinaroc argues that the petition in error is timely to challenge all of the Board's orders because he filed a motion for rehearing before the Board, and the motion was not denied until October 2, 2001. We first address the timeliness of the appeal challenging the order of May 4th, 2001.

### I. THE ORDER OF MAY 4, 2001

■ ¶ 5 That order was filed with the State Board on May 4, 2001 and mailed to

---

1. Generally, counsel is listed in an appellate opinion based upon an entry of appearance filed by that lawyer in the appeal. *GRP of Texas, Inc. v. Eateries, Inc.,* 2001 OK 53 n. 1, 27 P.3d 95, 97, *citing,* Okla.Sup.Ct.R. 1.5, 12 O.S.Supp.2000 Ch. 15, App. When no counsel enters a formal appearance on behalf of an appellate party this Court possesses the discretion to list as counsel the lawyer who has signed and submitted a brief or motion for that party. *Voiles v. Santa Fe Minerals, Inc.,* 1996 OK 13, n. 1, 911 P.2d 1205, 1207.

The style of the appeal is corrected to reflect the form required by Okla.Sup.Ct.R. 1.301, Form No. 5. Although current Rule 1.77 does not expressly require a petition in error in compliance with Okla.Sup.Ct.R. 1.25, our amendment to the Rule today by separate order imposes that requirement for uniformity in appellate procedure.

2. 59 O.S.Supp.1998 § 513:

§ 513. Quasi-judicial powers of Board—Appeals to Supreme Court—Revocation on conviction of felony—Fugitives from justice

The Board is hereby given quasi-judicial powers while sitting as a Board for the purpose of revoking, suspending or imposing other disciplinary actions upon the license of physicians or surgeons of this state, and appeals from its decisions shall be taken to the Supreme Court of this state within thirty (30) days of the date that a copy of the decision is mailed to the appellant, as shown by the certificate of mailing attached to the decision. . . .

Pinaroc on May 8, 2001. It is titled "Final Order of Suspension", it suspended Pinaroc's license beginning May 3, 2001, and allowed him to seek "reinstatement" at the next Board meeting. The order also required him to pay the costs of the action, including legal fees and investigation costs. Pinaroc did not seek a rehearing of this order, nor did he file a petition in error within thirty days of May 8, 2001.

¶ 6 Pinaroc argues that his appellate challenge to the May 4th order is timely because that order was not final. The order is titled "Final Order of Suspension", but the title of the order does not, by itself, control whether it satisfies statutory or common-law[3] criteria for finality. A statutory criteria is provided by the Administrative Procedures Act. A final agency order contains findings of fact, conclusions of law, is dispositive of an individual proceeding and is subject to judicial review, unless a timely request for rehearing of that order was made. 75 O.S.Supp.1992 § 250.3(5).[4] The order of May 4th contains findings of fact and conclusions of law, and no request for rehearing of that order was made.

¶ 7 But was the order of May 4th *dispositive* of an individual proceeding? We have stated that in the absence of contrary statutory language "an order is final under section 318 when the administrative process ends and legal obligations resulting from that process are imposed." *Double LL Contractors, Inc. v. State ex rel. Oklahoma Dept. of Transportation,* 1996 OK 30, 918 P.2d 34, 38, *citing, Conoco v. State Dept. of Health,* 1982 OK 94, 651 P.2d 125, 127. The order of May 4th appears to be inconsistent on its face regarding the culmination of the administrative process.

¶ 8 The Board's order of May 4th stated that Pinaroc could appear before the Board at its meeting on July 19–21 and seek reinstatement. The Board may determine that an emergency exists and "conduct a hearing as contemplated by Section 314 of Title 75 of the Oklahoma Statutes to suspend temporarily the license of any person under the jurisdiction of the Board." 59 O.S.Supp.1994 § 503.1. Section 314 states in part:

C. 1. Unless otherwise provided by law, an existing license shall not be revoked, suspended, annulled, withdrawn or nonrenewed unless, prior to the institution of such final agency order, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention or renewal of the license.

2. *If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order,* summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined.

75 O.S.Supp.1992 § 314(C), emphasis added.

The Board may temporarily suspend a license during a disciplinary hearing by following the statutory procedure. That procedure requires the Board to make a specific finding and record that finding in the order that suspends a license pending other proceedings. *Id.* at § 314(C)(2). The Board's order of May 4th does *not* contain the finding required by § 314 for a temporary suspension. In other words, the May 4th order appears to be an attempted temporary suspension but one lacking the required statuto-

---

3. The meaning and effect of an instrument filed in court depends on its content and substance rather than on form or title given it by the author. *Clark v. Board of Educ. of Independent School District No. 89 of Oklahoma County,* 2001 OK 56, n. 16, 32 P.3d 851, 856, *citing, Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, ¶ 4, 681 P.2d 757, 759; *Amarex, Inc. v. Baker,* 1982 OK 155, ¶ 18, 655 P.2d 1040, 1043. *Accord, Grand River Dam Authority v. State,* 1982 OK 60, 645 P.2d 1011, 1016, (to determine if action was a

"rule" we examined not the form, but the rule's content—its impact or effect).

4. 75 O.S.Supp.1992 § 250.3(5):

5. "Final agency order" means an order that includes findings of fact and conclusions of law pursuant to Section 312 of this title, is dispositive of an individual proceeding unless there is a request for rehearing, reopening, or reconsideration pursuant to Section 317 of this title and which is subject to judicial review;

ry finding in the proceeding, or on the face of the order.

■ ¶ 9 When construing the terms of an unclear, doubtful or ambiguous order this court will look outside the order and examine the four corners of the record proper to interpret the trial judge's decision. *Frazier v. Bryan Memorial Hospital Authority,* 1989 OK 73, 1989 OK 73, 775 P.2d 281, 285–286, *citing, Elliott v. City of Guthrie,* 1986 OK 59, 725 P.2d 861, 863; *Mayhue v. Mayhue,* 1985 OK 68, n. 6, 706 P.2d 890, 893. The order of August 2, 2001, states in its Findings of Fact that: "On May 3, 2001, the Board suspended Defendant's license *pending full hearing* at the July 2001 Board meeting." (Order at p. 2, emphasis added). We thus construe the order of May 4th as an interlocutory order imposing a temporary suspension pending a full or complete hearing on the license.[5] We conclude that the appellate challenge to the interlocutory May 4th order is timely if the petition in error is timely to challenge the order of August 2, 2001.

## II. THE ORDER OF AUGUST 2, 2001

■ ¶ 10 The timeliness of the petition in error to challenge the August 2nd order is based upon Pinaroc's Motion for Rehearing before the Board. The efficacy of Motions for Rehearing or New Trial to extend time to appeal depend upon the governing authority for the court or tribunal where such motions are filed.[6] The State Board of Medical Licensure and Supervision is subject to the provisions of the Oklahoma Administrative Procedures Act (75 O.S.1991 §§ 250.1–323, as amended).[7] That Act states that within ten days of a final agency order an application may be made to the agency for rehearing or reconsideration of that motion. 75 O.S.Supp. 1992 § 317 states in pertinent part.

§ 317. Rehearing, reopening or reconsideration of agency decision

A. A final agency order issued by an administrative head of an agency shall be subject to rehearing, reopening or reconsideration by such administrative head. Any application or request for such rehearing, reopening or reconsideration shall be made by any party aggrieved by the final agency order within ten (10) days from the date of the entry of such final agency order.

E. *If an application for rehearing shall be timely filed, the period within which judicial review, under the applicable statute, must be sought, shall run from the final disposition of such application.*

75 O.S.Supp.1992 § 317, emphasis added.

The next question is whether § 317 applies to an agency decision appealed directly to this Court.

¶ 11 Section 318 of the Administrative Procedures Act states that the judicial review of those final agency orders appealable to the Supreme Court is controlled by "the applicable provisions of Sections 319 through 324 of this title, and the rules of the Supreme Court." 75 O.S.Supp.1992 § 318(B)(1).[8]

---

5. An interlocutory order is an order which is not "final", does not culminate in a judgment, leaves the parties before the tribunal to try the issues on the merits, and may not be appealed unless authorized by statute. *DLB Energy Corp. v. Oklahoma Corporation Commission,* 1991 OK 5, 805 P.2d 657, 660–661.

6. *See, e.g., Brown v. Green Country Softball Association,* 1994 OK 124, 884 P.2d 851, 852, (timely filed motion for new trial in District Court extends the time to appeal judgment); *Sparlin v. Jackson,* 1996 OK 69, 918 P.2d 740, 742, (no motion to modify or reconsider an appealable Corporation Commission order will extend the time to appeal from that order); *Mid-Continent Cas. Co. v. Potter,* 1994 OK CIV APP 149, 887 P.2d 1383, 1384–1385, (released for publication by order of the Supreme Court), (a motion for new trial is unauthorized and unavailable in Workers' Compensation Court).

7. *Davuluri v. State ex rel. Oklahoma Bd. of Medical Licensure and Supervision,* 2000 OK 45, 10 P.3d 198; *Robinson v. State ex rel. Oklahoma State Bd. of Medical Licensure and Supervision,* 1996 OK 145, n. 1, 916 P.2d 1390, 1392. *See also* 75 O.S.Supp.1992 § 250.3 (definition of "agency" includes a statutorily created state board) and 59 O.S.Supp.1998 § 481 (statutory recreation of State Board of Medical Licensure and Supervision).

8. 75 O.S.Supp.1992 § 318:

§ 318. Judicial review....
B. 1. The judicial review prescribed by this section for final agency orders, as to agencies whose final agency orders are made subject to review, under constitutional or statutory provisions, by appellate proceedings in the Supreme Court of Oklahoma, shall be afforded by such proceedings taken in accordance with the proce-

Section 317 is not listed in the set of statutes (§§ 319–324), expressly made applicable to an appeal in the Supreme Court. But appeals pursuant to § 318 involve review of "final agency orders", and that phrase is defined by the Administrative Procedures Act as orders that are *not* subject to a pending rehearing request pursuant to § 317.[9]

> 5. "Final agency order" means an order that includes findings of fact and conclusions of law pursuant to Section 312 of this title, is dispositive of an individual proceeding *unless there is a request for rehearing, reopening, or reconsideration pursuant to Section 317 of this title and which is subject to judicial review;*

75 O.S.Supp.1992 § 250.3, emphasis added.

Thus, an appeal pursuant to § 318 must be from a final agency order, but an order that is subject to a timely § 317 request for rehearing is *not* an order that may be appealed pursuant to § 318. Section 317(E) expressly states that the time to seek judicial review from a final agency order does not commence until final disposition of the rehearing request. Since our appellate review is limited to a "final agency order" we conclude that a timely § 317 motion for rehearing will extend the time to appeal from a final agency order.

¶ 12 We note that the Rules of this Court recently provided that a motion for rehearing will not extend the time to appeal an order from a tribunal other than a District Court. Okla.Sup.Ct.R. 1.77(a).[10] A court rule cannot contravene a constitutional statute. *Ogle v. Ogle*, 1973 OK 149, 517 P.2d 797. A statute must prevail over a conflicting court rule. *Oklahoma County Sheriff v. Hunter*, 1980 OK 88, 615 P.2d 1007; *Matter of Milton H.*, 1980 OK 109, 614 P.2d 72; *Transok Pipe Line Co. v. Darks*, 1973 OK 115, 515 P.2d 218. Section 317 must prevail over Rule 1.77, and we amended Rule 1.77 by separate order.

## III. THE ORDER OF OCTOBER 2, 2001

¶ 13 A motion for rehearing pursuant to § 317 must be timely made to extend the time to appeal. *Abstracts of Oklahoma, Inc. v. Payne County Title Co.*, 1992 OK 13, 825 P.2d 1334, 1338; *State ex rel. Dept. of Corrections v. Johnson*, 1984 OK 39, 682 P.2d 750. The time to make a § 317 request commences from the entry date of the final agency order. 75 O.S.Supp.1992 § 317(A). In *State ex rel. Dept. of Corrections v. Johnson*, we addressed the question of when the *entry* of an administrative order occurs. We concluded, based upon the law then in effect, that the pronouncement of the decision be-

dure and under the conditions otherwise provided by law, but subject to the applicable provisions of Sections 319 through 324 of this title, and the rules of the Supreme Court.

9. 75 O.S.Supp.1992 § 318:
 § 318. Judicial review....

10. 12 O.S.Supp.2000 Ch. 15, App., Okla.Sup. Ct.R. 1.77:
 Rule 1.77. Other Rules Applicable (prior to our recent amendment)
 Unless specifically provided otherwise in any subsequent Part of these Rules the following provisions shall apply:
 (a) The time for commencing the appeal cannot be extended either by the tribunal or by this Court, and the filing of a motion for a new trial, reconsideration, re-examination, rehearing or to vacate the decision shall not operate to extend the time to appeal.
 (b) Part I of these rules apply to appeals from tribunals other than District Courts when application of the rule from Part I is consistent with both the rules specific for the appeal and the statutory authority governing the appeal. For example, in appeals from tribunals other than the District Court the briefs must comply with the provisions for appeals in Rule 1.10, Rule 1.11, and Rule 1.12, and those provisions applicable to any proceeding such as Rule 1.11(k)(3).
 (c) Rule 1.24, Rule 1.26(a) and (b), Rule 1.27(a), (b), (c), (d) and (f), and Rule 1.37(b) shall apply to all appeals.
 (d) The appeal shall be regarded as commenced by filing a petition in error (or petition for review for Workers' Compensation Court proceedings) with fourteen (14) copies with the Clerk of this Court within the time prescribed by rule or statute for the specific appeal, and remitting to the Clerk of the Supreme Court the cost deposit provided by statute, or if the appellant (petitioner) is an indigent, an affidavit in forma pauperis shall be filed concurrently with the petition in error. The additional time for filing a petition in error by mail granted by Rule 1.4(c) applies to petitions in error from District Courts, the Corporation Commission, and other tribunals. Rule 1.4(c) also applies to petitions to review decisions of the Worker's Compensation Court. Rule 1.4(e). *Johnson v. Tony's Town Mister Quik*, 915 P.2d 355 (Okla.1996).

fore all of the parties, and not the memorialization thereof, was the *entry* of the agency's order. *State ex rel. Dept. of Corrections v. Johnson,* 682 P.2d at 753.

 ¶ 14 In *State ex rel. Dept. of Corrections* we emphasized that § 312 allowed a final agency order to be *stated in the record* as an alternative to being in writing and filed in the proceeding. *Id.,* 682 P.2d at 753. But Section 312 was amended in 1992, and the Legislature removed the phrase "or stated in the record", and left intact the requirement that the final agency order must be in writing.[11] We also note that in our proceeding today the time to appeal does not commence until the date "a copy of the decision is mailed to the appellant, as shown by the certificate of mailing attached to the decision." 59 O.S.Supp.1998 § 513. We must conclude that the interpretation of § 312 in *State ex rel. Dept. of Corrections v. Johnson, supra,* has been superceded by an amendment to that section, and a written order by the agency is necessary for entry of the decision to commence time for rehearing.

11. 75 O.S.Supp.1992 § 312:
§ 312. Final agency orders—Contents—Notification
A. A final agency order adverse to a party shall:
1. Be in writing; and
2. Include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. If, in accordance with agency rules, a party submitted proposed findings of fact, the final agency order shall include a ruling upon each proposed finding.
B. Parties shall be notified either personally or by certified mail, return receipt requested, of any final agency order. Upon request, a copy of the order shall be delivered or mailed forthwith to each party and to his attorney of record.

12. We conclude that a written order complying with § 312 is necessary to commence the time to make a motion for rehearing. We do not have before us the issue of whether notification of the order pursuant to § 312 is also necessary to commence the time for rehearing. Regardless of which date we use in this appeal—the date the order was filed, August 2, or the order was mailed, August 3, 2001—the motion for rehearing was made within ten days of either date.

13. 12 O.S.Supp. § 653:

 ¶ 15 The second order of the Board is dated August 2, 2001 and was mailed on August 3, 2001. Pinaroc's motion for rehearing was filed August 9, 2001, thus satisfying the 10-day statutory requirement, and extends the time for judicial review by appeal until the final disposition of motion for rehearing. 75 O.S.Supp.1992 § 317(A) and (E).[12] The motion for rehearing resulted in an order dated October 2, 2001 **and mailed to counsel on October 15, 2001. But the petition in error was filed October 12, 2001.**

 ¶ 16 The time to commence appeal started on October 15, 2001. 59 O.S.Supp. 1998 § 513. The petition in error was filed three days prior to that date. Generally, a premature motion in a District Court does not ripen into one timely filed. *Brown v. Green Country Softball Association,* 1994 OK 124, 884 P.2d 851, 852. However, our Legislature has made certain premature motions for new trial to be effective, and the Legislature has also provided that a premature appeal from a District Court may continue if appellant files here a timely supplemental petition in error. 12 O.S.Supp.2000 §§ 653(C), 990A(F).[13]

§ 653. Time of application
A. Unless unavoidably prevented, an application for a new trial by motion, if made, must be filed not later than ten (10) days after the judgment, decree or appealable order prepared in conformance with Section 696.3 of this title has been filed....
C. *A motion for new trial filed after the announcement of the decision on all issues in the case but before the filing of the judgment or decree shall be deemed filed immediately after the filing of the judgment or decree.* (Emphasis added)
12 O.S.Supp.2000 § 990A:.
§ 990A. Appeal to Supreme Court by filing petition in error—Rules—Record on appeal—Premature appeal—Designation of record
A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court....
F. 1. If a petition in error is filed before the time prescribed in this section, it shall be dismissed as premature; however, if the time to commence the appeal accrues before the appeal is dismissed, the appellant may file a supplemental petition in error, without the payment of any additional costs. Such supplemental petition in error shall state when the time for commencing

¶ 17 The Rules of this Court also line up with § 990A(F) to allow an appellant to file a supplemental petition in error to cure a prematurely filed petition in error. Okla.Sup. Ct.R. 1.26(c), 12 O.S.Supp.2000 Ch. 15, App. The supplemental petition in error may be filed at any time prior to the Court's dismissal of the premature appeal. *Id.* However, Rule 1.26(c), prior to our recent amendment, was not made applicable to appeals from tribunals other than district courts. Okla. Sup.Ct.R. 1.77(c).

■■■ ¶ 18 This appeal is pursuant to the authority of 59 O.S.Supp.1998 § 513. That section does not specify the appellate procedure to be followed. The Administrative Procedures Act states that an appeal to the Supreme Court shall be "taken in accordance with the procedure and under the conditions otherwise provided by law, but subject to the applicable provisions of Sections 319 through 324 of this title, and the rules of the Supreme Court." [14] The Administrative Procedures Act also provides that in an appeal from the District Court to the Supreme Court the appeal "shall be taken in the manner *and time provided by law* for an appeal to the Supreme Court from the district court in civil actions." 75 O.S.Supp.1991 § 323, (emphasis added).[15] The time provided by law for civil actions includes a supplemental petition in error to cure an appeal that is premature in time. We conclude that in an appeal to the Supreme Court from an administrative agency an appellant may file a supplemental petition in error to cure a premature appeal if the supplemental petition is filed before the Supreme Court dismisses the appeal as premature.

### IV. RULE 1.77

¶ 19 By separate order we recently amended Oklahoma Supreme Court Rule 1.77 to state as follows:

the appeal began and shall set out all matters which have occurred since the filing of the original petition in error and which should be included in a timely petition in error. When a proper supplemental petition in error is filed, the appeal shall not be dismissed on the ground that it was premature.

14. See 75 O.S.Supp.1992 § 318, at n. 11, *supra.*

15. 75 O.S.1991 § 323:

### Rule 1.77. Other Rules Applicable

Unless specifically provided otherwise in any subsequent Part of these Rules the following provisions shall apply:

(a) The time for commencing the appeal cannot be extended either by the tribunal or by this Court, and the filing of a motion for a new trial, reconsideration, re-examination, rehearing or to vacate the decision shall not operate to extend the time to appeal: Provided, however, that when a statute applicable to a particular appeal states that the time to appeal shall not commence until disposition of a motion for a new trial, reconsideration, re-examination, rehearing or to vacate the decision, then the filing of the motion shall operate to extend the time to appeal.

(b) Part I of these rules apply to appeals from tribunals other than District Courts when application of the rule from Part I is consistent with both the rules specific for the appeal and the statutory authority governing the appeal. For example, in appeals from tribunals other than the District Court the briefs must comply with the provisions for appeals in Rule 1.10, Rule 1.11, and Rule 1.12, and those provisions applicable to any proceeding such as Rule 1.11(k)(3).

(c) Rule 1.24, Rule 1.26(a), (b), (c), and (e), Rule 1.27(a), (b), (c), (d) and (f), and Rule 1.37(b) shall apply to all appeals. Rule 1.25 shall apply to those appeals commenced by filing a petition in error.

(d) The appeal shall be regarded as commenced by filing a petition in error (or petition for review for Workers' Compensation Court proceedings) with fourteen (14) copies with the Clerk of this Court

§ 323. Review of final judgment of a district or superior court by appeal to Supreme Court

An aggrieved party, or the agency, without any motion for a new trial, may secure a review of any final judgment of a district or superior court under this act by appeal to the Supreme Court. Such appeal shall be taken in the manner and time provided by law for appeal to the Supreme Court from the district court in civil actions. An agency taking an appeal shall not be required to give bond.

within the time prescribed by rule or statute for the specific appeal, and remitting to the Clerk of the Supreme Court the cost deposit provided by statute, or if the appellant (petitioner) is an indigent, an affidavit in forma pauperis shall be filed concurrently with the petition in error. The additional time for filing a petition in error by mail granted by Rule 1.4(c) applies to petitions in error from District Courts, the Corporation Commission, and other tribunals. Rule 1.4(c) also applies to petitions to review decisions of the Worker's Compensation Court. Rule 1.4(e). *Johnson v. Tony's Town Mister Quik,* 915 P.2d 355 (Okla.1996).

## V. CONCLUSION

¶ 20 We recognize that the conflict between 75 O.S.Supp.1992 § 317 and Okla.Sup. Ct.R. 1.77 was a trap for the unwary appellate advocate. We also recognize that allowing a supplemental petition in error to cure a premature appeal in an appeal from a tribunal other than a District Court is a new procedure that required modification of our rules. We thus do not dismiss the appeal today as a premature appeal, but give our pronouncement a limited prospective effect. We direct that Appellant shall file a supplemental petition in error with thirty (30) days of the date of this opinion, or the appeal shall be dismissed. The time to appeal the orders of May 4th and August 2nd did not expire prior to date the petition in error was filed, and the appeal herein shall include review of those orders plus the order of October 12, 2001, provided Appellant timely files the required supplemental petition in error.

1. This court is always free to inquire *sua sponte* into its jurisdiction over any pending matter. *Stites v. DUIT Const. Co., Inc.,* 1995 OK 69, 903 P.2d 293, 297 n. 10; *State ex rel. Oklahoma Bar Ass'n v. Smolen,* 1992 OK 116, 837 P.2d 894, 903 (Opala, C.J., concurring); *Cate v. Archon Oil Co., Inc.,* 1985 OK 15, 695 P.2d 1352, 1356; *Spain v. Kernell,* 1983 OK 105, 672 P.2d 1162, 1164–1165; *Pointer v. Hill,* 1975 OK 73, 536 P.2d 358, 361.

2. *State ex rel. State Bd. of Med. Exam'rs v. Naifeh,* 1979 OK 105, 598 P.2d 225, 226 (Opala, J., dissenting).

¶ 21 HARGRAVE, C.J., WATT, V.C.J., HODGES, LAVENDER, BOUDREAU, WINCHESTER, JJ. Concur.

¶ 22 KAUGER, J.—Concurs in part, dissents in part.

¶ 23 OPALA, J.—Dissents.

OPALA, J., with whom KAUGER, J., joins, dissenting from the court's disposition of the *sua sponte* [1] inquiry into its jurisdiction.

¶ 1 This is an appeal from certain disciplinary sanctions imposed upon a physician for his allegedly unprofessional conduct. Although I agree that the appeal should not be dismissed and concur in today's holding that the rehearing provisions of 75 O.S. Supp.1992 § 317 apply to disciplinary proceedings before the Board of Medical Licensure and Supervision (Board), I must *recede* from the court's disposition of the *sua sponte* inquiry into its appellate jurisdiction over this cause.

¶ 2 Reaffirming once again my undiminished support for the view, expressed earlier in *Naifeh* [2] and *Davuluri* [3], that the terms of 59 O.S. Supp.1998 § 513 (which require appeals in disciplinary proceedings against physicians to be brought in the Supreme Court) offend fundamental values protected by the Constitution, federal and state,[4] I would today condemn the critical text of § 513 as fraught with fatal fundamental-law infirmity and direct that, upon timely receipt of the appellant's supplemental petition in error, the Clerk shall forthwith transfer this appeal to a district court with venue of the cause [5]

3. *Davuluri v. Oklahoma Bd. Of Med. Licensure,* 2000 OK 45, 10 P.3d 198, 205 (Opala, J., dissenting).

4. For my detailed description of the constitutional infirmities in the terms of 59 O.S. Supp 1998 § 513 (and in its antecedent versions), see the text of my analysis in *Naifeh* and *Davuluri supra* notes 2 and 3.

5. A *timely* appeal brought in an *incorrect* court—because of statutory uncertainty or unsettled jurisprudence—may be transferred to another tribunal that has jurisdiction over the cause. *Hale v. Bd. Of Cty. Com'rs of Seminole Cty.,* 1979 OK 158, 603 P.2d 761, 764.

under the provisions of the Administrative Procedures Act [6] that govern review of final agency orders.[7]