2009 OK CIV APP 22

**Toby VANNOY and Mary Vannoy,
Plaintiff/Appellees,**

v.

**EARTH BIOFUELS, INC., a Delaware
Corporation, Defendant/Appellant.**

**No. 105853.**

Court of Civil Appeals of Oklahoma,
Division No. 3.

Jan. 30, 2009.

David Burrage, Burrage Law Firm, Durant, Oklahoma, for Plaintiff/Appellees.

D. Michael Haggerty, II, Haggerty Law Office, P.L.L.C., and Ken Rainbolt, Ken Rainbolt, P.C., Durant, Oklahoma, for Defendant/Appellant.

CAROL M. HANSEN, Presiding Judge.

¶ 1 Defendant/Appellant, Earth Biofuels, Inc. (Earth), seeks review of the trial court's order denying its petition to vacate a default judgment entered against it for $1,000,000.00 in favor of Plaintiff/Appellees, Toby Vannoy and Mary Vannoy (the Vannoys), in their tort action to recover for personal injury. We reverse and remand, holding 12 O.S.Supp. 2002 § 2004(B)(2) requires notice of the specific amount of damages sought be given the party against whom default judgment is sought.

¶ 2 The Vannoys' petition against Earth alleged Toby Vannoy was injured as a result of Earth's negligence and sought damages "in excess of $10,000.00." They served the petition on Earth in care of the Oklahoma Secretary of State. Earth did not answer. The Vannoys moved for default judgment, asking the trial court to set a hearing on damages. At hearing, the Vannoys put on evidence of approximately $75,000.00 in medical bills, $20,000.00 in lost wages, as well as pain and suffering and Mary Vannoy's loss of consortium. The trial court granted judgment to the Vannoys in the amount of $1,000,000.00.

¶ 3 Earth petitioned to vacate the default judgment on the grounds (1) there was irregularity in obtaining the judgment because the Vannoys did not serve Earth with a specific statement of damages, and (2) Earth was prevented by unavoidable casualty or misfortune from defending the action because it believed it had a settlement agreement with the Vannoys. The Vannoys objected, asserting District Court Rule 10, 12 O.S.2001, Ch. 2, App., provided notice of taking default is not required when the defaulting party has not made an appearance, and Earth's settlement discussions were with Toby Vannoy's employer, not with the Vannoys. The trial court denied the petition to vacate default judgment, citing Rule 10.

¶ 4 Earth appeals, contending the trial court abused its discretion in refusing to vacate default judgment granted in a tort matter in the absence of specific notice of the amount of damages sought. We agree. This matter is controlled by 12 O.S.Supp.2002 § 2004(B)(2), which provides,

A judgment by default shall not be different in kind from or exceed in amount that prayed for in either the demand for judgment or in cases not sounding in contract in a notice which has been given the party against whom default judgment is sought. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his or her pleadings.

In a tort matter, a plaintiff seeking more than $10,000.00 in damages need not demand in the petition any specific amount of money but may state only that the amount sought as damages is in excess of $10,000.00. 12 O.S. 2001 § 2008(A)(2). However, pursuant to § 2004(B)(2), the plaintiff must serve notice of the specific amount of damages sought before taking default judgment. *Horowitz v. Alliance Home Health, Inc.*, 2001 OK 45, 32 P.3d 825, 828.

¶ 5 A statute must prevail over a conflicting court rule. *State ex rel. Oklahoma Bd. of Medical Licensure and Supervision v. Pinaroc,* 2002 OK 20, 46 P.3d 114, 119. Therefore, to the extent Rule 10 conflicts with § 2004(B)(2), the statute prevails.

¶ 6 The trial court's order is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

MITCHELL, C.J., and JOPLIN, J., concur.