2013 OK 30

**Robert CORNETT, Appellant,**

v.

**Rhonda CARR, Glen Davis and Dena Davis, Appellees.**

No. 107,506.

Supreme Court of Oklahoma.

April 23, 2013.

Jerry L. Colclazier, Colclazier & Associates, Seminole, OK, for the Plaintiff/Appellant Robert Cornett.

Jack Mattingly Sr., Jack Mattingly, Jr., The Mattingly Law Firm, P.C., Seminole, OK, for the Defendant/Appellee Rhonda Carr.

GURICH, J.

### Facts and Procedural History

¶1 In January 2006, Robert Cornett brought a lawsuit in the Oklahoma County District Court, challenging the sale of real property ordered to be sold by his ex-spouse, Rhonda Carr, in connection with the parties' divorce proceeding. According to the petition, a divorce judgment entered by the Seminole County District Court directed Carr to sell the subject property at the highest possible price and evenly divide the net proceeds with Cornett. It further suggested Carr entered into a conspiracy with co-defendants, Glen and Dena Davis, to defraud Cornett by providing for an undisclosed payment to Carr of $8,000.00; a sum not included in the written real estate contract. Cornett additionally sought rescission of the allegedly clandestine agreement. On March 4, 2008, the trial court dismissed the original case without prejudice.[1]

¶2 The matter was refiled on April 30, 2009, in Oklahoma County, Case No. CJ–2009–4065. Following the commencement of the second action, Cornett's attorney neglected to issue summonses. Upon review of the docket, the trial judge recognized this omission. Judge Dixon entered a sua sponte order ninety-six days after filing suit, on August 4, 2009, dismissing the second case without prejudice in accordance with Rule 9(a), *Rules for the District Courts*, 12 O.S.2001 Ch. 2, App.[2]

¶3 Cornett appealed the order dismissing his lawsuit, arguing Rule 9(a) directly conflicted with the statutory terms of 12 O.S.Supp.2002 § 2004(I). The case was assigned to the Court to the Court of Civil Appeals. On January 7, 2011, COCA affirmed the lower court's dismissal of the proceeding, finding no discord between Rule 9(a) and Section 2004(I). On June 13, 2011, we granted certiorari to review the seemingly incompatible provisions.

### Standard of Review

¶4 Whether a district court rule conflicts with a statute presents a purely legal question analyzed under the *de novo* standard of review. *See Duncan v. Oklahoma Dept. of Corrections*, 2004 OK 58, ¶3, 95 P.3d 1076, 1078. Thus, our examination of the case consists of a "non-deferential, plenary and independent review of" the lower court's rulings. *Id. See also In re Estate of Bell–Levine*, 2012 OK 112, ¶5, 293 P.3d 964, 966; *Martin v. Aramark Services, Inc.*, 2004 OK 38, ¶4, 92 P.3d 96, 97.

### Analysis

¶5 Cornett argues that Rule 9(a) directly conflicts with Section 2004(I), to the extent it shortens the time limit for accomplishing service of process under the statute. According to Cornett, if service is accomplished before the expiration of 180 days from the filing of the action, service is always timely under § 2004(I). This, he suggests, is consistent with the fundamental policy which favors disposition of cases on their merits, rather than procedural technicalities. Carr counters these arguments by pointing out that the two provisions deal with "totally separate contingencies." She maintains that Rule 9(a) controls when summons must be issued, while Section 2004(I) imposes a time restriction on when summons must be served.

¶6 At the time Cornett's lawsuit was dismissed by the trial judge, 12 O.S.Supp.2002 § 2004(I) was in effect:

SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action may be dismissed

---

1. Due to a docketing error, Cornett's attorney failed to appear for the pretrial conference and the action was dismissed. On May 1, 2008, a journal entry memorializing the dismissal was filed in Oklahoma County, Case No. CJ–2006–642.

2. Although the trial court's August 4, 2009 Order of Dismissal purported to be without prejudice, the effect of the dismissal could result in the bar of at least some of Cornett's claims. *See, e.g., Hull v. Rich*, 1993 OK 81, ¶6, 854 P.2d 903, 904 (recognizing 12 O.S. § 100 authorizes only one refiling of a case previously dismissed after the running of the statute of limitations).

as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion. The action shall not be dismissed where a summons was served on the defendant within one hundred eighty (180) days after the filing of the petition and a court later holds that the summons or its service was invalid. After a court quashes a summons or its service, a new summons may be served on the defendant within a time specified by the judge. If the new summons is not served within the specified time, the action shall be deemed to have been dismissed without prejudice as to that defendant. This subsection shall not apply with respect to a defendant who has been outside of this state for one hundred eighty (180) days following the filing of the petition.

Subsection (I) does not place any time limitation on a plaintiff other than requiring service within 180 days after commencement of a lawsuit.[3] In contrast, Rule 9(a) reads as follows:

> In any case in which summons is not issued or waiver filed within ninety (90) days after the filing of the petition, or alias summons is not issued within thirty (30) days after return of the summons not served, the action may be dismissed by the court without notice to the plaintiff.

This court rule adds a restriction not imposed by § 2004.[4] To the extent the two conflict, the statute must prevail. *State ex rel. Okla. Bd. of Med. Licensure and Super-*

vision v. Pinaroc, 2002 OK 20, ¶ 12, 46 P.3d 114, 119; *see also Vannoy v. Earth Biofuels, Inc.,* 2009 OK CIV APP 22, ¶ 5, 278 P.3d 1052, 1053 (recognizing statutory priority of 12 O.S.Supp.2002 § 2004(B) over Rule 10, *Rules for the District Courts,* 12 O.S.2001 Ch. 2, App.).

¶ 7 An historical examination of Oklahoma's statutory scheme governing service of process reveals that Rule 9 was promulgated in 1961, more than twenty years before adoption of the Pleading Code.[5] Prior to the enactment of Rule 9, Oklahoma procedural law placed no specific time restrictions on issuance and service of a summons.[6] Hence, the implementation of Rule 9 was designed to foster "judicial economy and [was] designed to ensure the efficient administration of justice and to encourage lawyers to diligently represent their clients" by placing a time limit on issuance of summons to prevent lawsuits from lingering indefinitely. *Gugello v. Select Specialty Hosp.–Tulsa,* 2006 OK CIV APP 102, ¶ 8, 143 P.3d 519, 522. However, with the Legislature's passage of the Oklahoma Pleading Code, the policy rationale behind Rule 9(a) was superseded by 12 O.S.Supp.1984 § 2004(I).

¶ 8 Nevertheless, the fact remains that Rule 9(a) and § 2004(I) have coexisted side-by-side for years. As such, COCA agreed with Carr that Rule 9 refers to an entirely distinct aspect of service of process than does § 2004(I). Accordingly, COCA held that the two provisions were not at odds. While we

---

**3.** Section 2004(I) was amended in 2009 to provide that failure to accomplish service upon a defendant within 180 days shall result in the action being "deemed dismissed," absent a showing of good cause. The amendment has no bearing on our decision in this case.

**4.** Title 12 O.S.Supp.2002 § 2004(A) provides that summons be issued "forthwith." However like FRCP Rule 4, which included the forthwith language until its removal by amendment, this condition places the burden on the court clerk to promptly issue summons; it does not impose a requirement on the litigants. *See* 4A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Richard L. Marcus, Federal Practice and Procedure § 1084 (3d ed. 2012); *See also Dear v. Rathje,* 485 F.2d 558, 560 (7th Cir.1973) (construing the "forthwith" requirement in FRCP Rule 4 to impose a duty on the clerk).

**5.** Laws 1984, c. 164, (enacting the Oklahoma Pleading Code, repealing prior provisions relating to service of process, parties and pleading). The Code was modeled after the Federal Rules of Civil Procedure. *Gay v. Akin,* 1988 OK 150, ¶ 8, 766 P.2d 985, 990.

**6.** Prior to passage of the Oklahoma Pleading Code in 1984, an action was deemed "commenced" for purposes of the statute of limitations upon service of summons on the defendant. 12 O.S.1981 § 97 (repealed 1984). Thus, the law implicitly required litigants to issue and serve summons to satisfy the relevant limitation period. Nevertheless, without a finite rule, a plaintiff could conceivably file a lawsuit and wait months or years to issue summons. With the adoption of 12 O.S. Supp.1984 § 2003, an action is now commenced with the filing of a petition with the court.

agree with COCA that service of summons presupposes the actual issuance of summons, our prior decisions have clearly held that service is always punctual if made within the time allotted by § 2004. *Fischer v. Baptist Health Care of Okla.,* 2000 OK 91, ¶ 6, 14 P.3d 1292, 1293; *See also Mott v. Carlson,* 1990 OK 10, ¶ 8, 786 P.2d 1247, 1250.

¶ 9 According to the 1984 Committee Comments, 12 O.S.Supp.1984 § 2004(I) was modeled after FRCP Rule 4(j). This Court has routinely relied upon federal case law to assist with interpretation of the corresponding sections of the Oklahoma Pleading Code. *See Fanning v. Brown,* 2004 OK 7, ¶ 20, n. 9, 85 P.3d 841, 847 (looking to federal decisions weighing FRCP Rule 8 to guide our interpretation of 12 O.S.2001 § 2008); *Graff v. Kelly,* 1991 OK 71, ¶ 14, 814 P.2d 489, 493–494 (considering federal case law to evaluate a legal issue arising under § 2004 of the Oklahoma Pleading Code).

¶ 10 Prior to Congress' overhaul of the FRCP in 1983, Rule 4 contained no express sanction for failing to have a summons issued at the time a complaint was filed. 4A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Richard L. Marcus, Federal Practice and Procedure § 1086 (3d ed. 2012). Consequently, as part of the 1983 changes, Congress added subsection (j) to Rule 4, which provided in relevant part:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice ..."

FRCP Rule 4(j) (1983). The version adopted by the Oklahoma Legislature in 1984 was nearly identical to FRCP Rule 4.

¶ 11 In *Henderson v. U.S.,* 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996) the United States Supreme Court granted certiorari in a case with facts similar to those presented in this proceeding to construe the time limits imposed by FRCP Rule 4(j). The issue presented was whether FRCP Rule 4(j) conflicted with the service requirements under the Suits in Admiralty Act, 46

U.S.C.App. § 741 et. seq. *Id.* at 656, 116 S.Ct. 1638. After initiating a lawsuit, counsel for the plaintiff attempted to obtain proper summons forms for completion, issuance, and service upon the United States. Following service of the summons, the United States sought dismissal of the lawsuit for failure to accomplish service as expeditiously as required by the Suits in Admiralty Act. The district court issued an order dismissing the action based on a failure to issue and serve summons on the defendant in a timely manner. On appeal, the Fifth Circuit Court of Appeals affirmed. After granting certiorari, the Supreme Court found the term in Rule 4(j) was a fixed time limit, not subject to judicial reduction:

> We reject the Government's view of the time the Federal Rules authorize for service. Reading Rule 4 in its historical context, we conclude that the 120–day provision operates not as an outer limit subject to reduction, but as an irreducible allowance.
>
> . . .
>
> The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow.
>
> . . .
>
> [T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections. Seeing service in this light, and in view of the uniform system Rule 4 of the Federal Rules of Civil Procedure provides, we are satisfied that the service "forthwith" provision of Suits in Admiralty Act, 46 U.S.C.App. § 742, has been displaced by Rule 4, and therefore has no current force or effect.

*Id.* at 661, 663, 671–72, 116 S.Ct. 1638. *See also State Farm Fire & Cas. Co. v. Smith,* 39 So.3d 1172, 1176 (Ala.Ct.App.2009) (applying *Henderson* and finding trial court dismissal for insufficient service premature when issued prior to expiration of Rule 4(b), Ala. R. Civ. P.).

¶ 12 We find the rationale set forth in *Henderson* to be persuasive. By interpreting 12 O.S.Supp.2002 § 2004(I) as providing an outer limit not subject to reduction we promote uniformity and fairness in litigation. In other words, we eliminate the possibility for arbitrary dismissals of cases based on individual judges' expectations in a lawsuit.[7] Accordingly, we reverse the trial court's dismissal of the plaintiff's action and remand to allow the remaining time allotted under § 2004(I) to complete service on the defendants.

### Conclusion

¶ 13 It has been the policy of this Court to resolve pending legal cases, when feasible, on their merits. As we explained in *Boston v. Buchanan*, 2003 OK 114, ¶¶ 17–19, 89 P.3d 1034, 1040–41:

> While it is true that diligence of litigants in attending to their matters pending in the courts is of importance, and while it is a significant function of the courts that the litigation before them be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity to have their day in court, and to have their rights and liberties tried upon the merits. The latter is and should be the primary right of the parties and duty of the courts.

Thus, the terms of 12 O.S.Supp.2002 § 2004, should be construed to promote the aforementioned policy and to further the judicial goals of fair and uniform administration of justice. A bright-line rule better serves both of these ends. Accordingly, we conclude Rule 9(a) directly conflicts with 12 O.S.Supp. 2002 § 2004(I) to the extent it shortens a plaintiff's allocated time for service of summons. Cornett should be allowed an additional eighty-four days to complete service.

Today's decision renders Rule 9 unnecessary, and it is hereby stricken from the Rules for the District Courts of Oklahoma.[8] On remand, the trial court is directed to allow Cornett the remaining time authorized by § 2004(I) to issue summons and complete service on the defendants.

¶ 14 Today's decision shall apply prospectively—controlling only those cases currently pending or filed after the issuance of this opinion. It shall have no effect on cases dismissed pursuant to Rule 9(a) that have become final judgments.[9]

**COCA OPINION VACATED; TRIAL COURT'S ORDER DISMISSING PLAINTIFF/APPELLANT'S ACTION REVERSED; CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH TODAY'S DECISION.**

¶ 15 CONCUR: COLBERT, C.J., REIF, V.C.J., WATT, EDMONDSON and GURICH, JJ.

¶ 16 DISSENT: KAUGER, WINCHESTER, TAYLOR and COMBS, JJ.

COMBS, J., with whom KAUGER, WINCHESTER and TAYLOR, JJ., join, dissenting:

¶ 1 The majority opinion conclusion to strike Rule 9 from the Rules of the District Courts of Oklahoma is a position I cannot support. The majority finds Rule 9(a) directly conflicts with 12 O.S.Supp.2002 § 2004(I) "to the extent it shortens a plaintiff's allocated time for service of summons". Rule 9(a) concerns the issuance of summons not service of summons and therefor does not shorten the time for service of summons, but rather allows for the trial court to manage the docket.

¶ 2 Robert Cornett, appeals the district court's *sua sponte* order dismissing this case

---

7. See 4A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Richard L. Marcus, Federal Practice and Procedure § 1086 (3d ed. 2012) (explaining that "the 120–day period prescribed by Rule 4(m) provides an easily understood and administered guideline and also ensures notice to the defendant within a specified time.")

8. There is no valid reason to duplicate statutory requirements by amending Rule 9. Restrictions and deadlines relating to service of summons or

diligence in prosecution are covered by statute as set forth in 12 O.S.Supp.2002 § 2004(I) and 12 O.S.Supp.2007 § 1083.

9. *See Deputy v. Hoeme*, 1989 OK 42, ¶ 10, 775 P.2d 1339, 1343–1344 (explaining that a judgment stands as final when the time to appeal has expired, is impervious to reconsideration, and is binding on the parties).

without prejudice on the basis that Cornett failed to issue summons or file a waiver pursuant to Rule 9(a) of the Rules for District Courts of Oklahoma, 12 O.S.2001, Ch. 2 App. Cornett asserts the district court erred in dismissing this case pursuant to Rule 9(a) because this rule conflicts with 12 O.S.Supp. 2002 § 2004(I). Cornett further asserts his actions were not dilatory and he should have been given the opportunity to show good cause for the delay in issuing summons.

¶ 3 Rule 9(a) provides an established, long recognized method for the District Court to manage its docket. This section reads:

Rule 9 Diligence in Prosecution

a. In a case in which summons is not **issued or waiver filed** within ninety (90) days after the filing of the petition, or alias summons is not issued within (30) days after the return of the summons not served, the action may be dismissed by the court without notice to the plaintiff. (Emphasis added)

Title 12 O.S. Supp.2002 § 2004(I) provides:

SUMMONS: TIME LIMIT FOR SERVICE. If **service of process** is not made upon a defendant within (180) days after the filing of a petition and the plaintiff cannot show good cause why such **service** was not made within that period, the action may be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion. The action shall not be dismissed where a **summons was served** on the defendant within one hundred eighty (180) days after the filing of the petition and a court later holds that the summons or its service was invalid. After a court quashes a summons or its service, a new summons may be served on the defendant within a time specified by the judge. If the new summons is not served within the specified time, the action shall be deemed to have been dismissed without prejudice as to that defendant. This subsection shall

not apply with respect to a defendant who has been outside of this state for one hundred eighty (180) days following the filing of the petition.

¶ 4 Rule 9(a) does not conflict with 12 O.S.Supp.2002 § 2004(I). Rule 9(a) pertains to the **issuance or waiver of summons.** Section 2004(I) specifies the time limit within which **service of process shall be made.** Section 2004(I) clearly presupposes that summons has been issued in the case. There is no indication in the limited record that summons was ever **issued** in this case; therefore the 180 day time allowance for serving such summons under 12 O.S.Supp.2002 § 2004(I) was never invoked. The present proceeding was first filed in January 2006, and was initially dismissed in March of 2008, without prejudice, for failure to appear at the pretrial conference. The journal entry reflecting this dismissal was filed on May 1, 2008. It was subsequently refilled in April of 2009, no summons was issued and the trial court dismissed the second suit on August 4, 2009 pursuant to Rule 9(a). There is no indication in the record that Cornett ever attempted to remedy the deficiency which caused the district court's invocation of Rule 9(a) or that he presented any facts supporting the reasons for delay in issuing summons[1]. See, *Willis v. Sequoyah House, Inc.,* 2008 OK 87, ¶¶ 13–15, 194 P.3d 1285. Cornett never sought a show cause order to explain his failure to issue summons.

¶ 5 Now in 2013, Cornett is allowed an additional 84 days to complete service of summons on a lawsuit first filed over 7 years ago. Rule 9(a) allows the trial court to manage its docket. The consideration of Rule 9(a) and 12 O.S.2004.1 are not inconsistent but provide for a stair stepped approach allowing a trial court the opportunity to dispose of litigation as rapidly as possible for all parties. A plaintiff's access to the courts must be balanced with the defendant's opportunity to respond to frivolous filings meant to cloud dockets and inflict unnecessary strife.[2]

---

**1.** Rule 9(b) provides: "Where an action is not diligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action without prejudice. A court shall dismiss actions in which no

action has been taken for a year as provided in 12 O.S.1981 § 1083."

**2.** Consider the effects of simply filing a petition as in the present matter. 12 O.S. § 2004.2 No-

¶ 6 The issuance of summons within 90 days of the filing of the petition is not an unreasonable requirement. A defendant should be able to rely upon the court's discretionary disposal of proceedings filed but not pursued within 90 days. Why require the defendant to be in limbo for 180 days? The dismissal is without prejudice to refiling and a plaintiff's access to the courts is not significantly impaired. Rule 9(a) provides a balancing of the scales of justice for all litigants. I respectfully dissent to the majority opinion rendering Rule 9 unnecessary and striking it from the Rules for the District Courts of Oklahoma. I would find the district court did not abuse its discretion in dismissing this case without first ordering Cornett to show good cause why it should not be dismissed. The district court's order of dismissal should be affirmed.

tice of pendency of action, provides in pertinent part:

    A. Upon the **filing of a petition,** the action is pending so as to charge third persons with notice of its pendency. While an action is pending, no third person shall acquire an interest in the subject matter of the suit as against the prevailing party's title:

. . . .

    2. Notice of the pendency of an action shall have no effect unless service of process is made upon the defendant or service by publication is commenced within one hundred twenty (120) days after the filing of the petition. Emphasis added.