OSCN Found Document:IN THE MATTER OF APPLICATION OF HARLIN FOR ADMISSION BY EXAMINATION

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF APPLICATION OF HARLIN FOR ADMISSION BY EXAMINATION
2017 OK 23
Case Number: SCBD-6352
Decided: 03/28/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 23, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE APPLICATION OF CALEB ALEXANDER HARLIN FOR ADMISSION BY EXAMINATION TO THE OKLAHOMA BAR ASSOCIATION.

BAR ADMISSION PROCEEDING

¶0 Applicant Caleb Alexander Harlin appeals from a decision of the Oklahoma Board of Bar Examiners denying his application for admission to the practice of law in Oklahoma by examination. As an attorney of a non-reciprocal jurisdiction who is not eligible for admission upon motion, the Applicant seeks admission to the practice of law in Oklahoma by examination under Rule 4 of the Rules Governing Admission to the Practice of Law in the State of Oklahoma. Upon review, we conclude Mr. Harlin has satisfied the requirements of Rule 4 and no issues remain outstanding. Mr. Harlin shall be allowed to take the Oklahoma bar exam.

APPLICATION FOR ADMISSION BY EXAMINATION GRANTED

Drew Neville, Charles E. Geister, III, & Emily S. Eleftherakis, Hartzog Conger Cason & Neville, Oklahoma City, Oklahoma, for Petitioner Caleb Harlin.

Patrick H. Kernan, Newton, O'Connor, Turner & Ketchum, P.C., Tulsa, Oklahoma, for Oklahoma Board of Bar Examiners.

GURICH, V.C.J.

¶1 Rule 4 of the Rules Governing Admission to the Practice of Law in the State of Oklahoma (RGAP) allows for admission to the practice of law in Oklahoma by examination.[1] The issue in this case is whether an attorney licensed in a non-reciprocal jurisdiction who applies to take the bar exam under § 1 of Rule 4 must meet the same requirements as a law student applying to take the bar exam under § 2 of Rule 4, specifically the undergraduate degree requirement found in § 2(a) of Rule 4.

Facts & Procedural History

¶2 Mr. Harlin graduated from homeschool high school in Muskogee in July of 2003. After working for approximately a year, he applied for admission to the Juris Doctor program at Oak Brook College of Law and Public Policy in California. Oak Brook is a four-year program recognized by the State Bar of California, but is not accredited by the American Bar Association.[2] In California, students who attend non-accredited ABA institutions are required, after their first year of study, to sit for and pass a bar exam called the First Year Law Students' Exam. The exam is a seven-hour test that consists of four essay questions and 100 multiple choice questions styled after the Multi-State Bar Examination. Mr. Harlin took California's First Year Law Students' Exam in October of 2006 and passed on his first attempt.

¶3 In December of 2009, he graduated cum laude from Oak Brook with a Juris Doctor degree. In February of 2010, Mr. Harlin sat for the California bar exam and passed on his first attempt. In June of 2010, he was sworn into the State Bar of California where he remains in good standing. Upon admission to the State Bar of California, Mr. Harlin began doing contract work with two different firms in the San Francisco area while living in Muskogee. His practice included assisting with several jury trials, arbitrations, mediations, appeals, and depositions primarily in the areas of personal injury and employment law. Mr. Harlin is also admitted to practice before the Ninth Circuit Court of Appeals, the U.S. District Courts for the Northern and Central Districts of California, and the U.S. District Courts for the Western and Eastern Districts of Oklahoma.

¶4 After practicing for a year in California, Mr. Harlin contacted the Oklahoma Board of Bar Examiners (Board) and inquired about admission to practice law in Oklahoma.[3] Mr. Harlin spoke with the Administrative Director of the Board, who informed him that under the RGAP he could not be admitted to practice in Oklahoma unless he obtained a law degree from an ABA accredited law school.[4] During this conversation, there was no discussion regarding Mr. Harlin's lack of an undergraduate degree and whether such would be an impediment to seeking admission to the practice of law in Oklahoma. Pursuant to his discussion with the Administrative Director, and his understanding of the RGAP, Mr. Harlin applied to and was accepted to Oklahoma City University School of Law and began attending classes in the fall of 2012.[5]

¶5 Oklahoma City University School of Law was aware that Mr. Harlin did not have an undergraduate degree. However, Oklahoma City University School of Law admitted Mr. Harlin pursuant to Standard 502(b) of the ABA Standards for Approval of Law Schools, which allows a law school to admit an applicant who does not have a "bachelor's degree, or successful completion of three-fourths of the work acceptable for a bachelor's degree" in "an extraordinary case."[6]

¶6 During his time at Oklahoma City University School of Law, Mr. Harlin sought to perform licensed legal intern work under the supervision of an Oklahoma attorney. Thus, on October 15, 2013, he registered with the Board as a law student to become a Licensed Legal Intern.[7] On November 19, 2013, the Administrative Director contacted Mr. Harlin by e-mail and advised him that "[o]ne of the requirements to register as a law student and for taking a bar exam is that an applicant has a certificate of graduation with a Bachelor's degree from a college whose credit hours are transferable to an Oklahoma law school."[8] On November 20, 2013, Mr. Harlin replied to the Administrative Director and confirmed he did not have an undergraduate degree and that his degree was from the Oak Brook College of Law and Public Policy. The Administrative Director replied to Mr. Harlin that same day and notified him that she had not yet processed his application but that he could submit a statement to the Board explaining how he met the admission requirements of Rule 4.

¶7 On March 5, 2014, Mr. Harlin submitted a statement to the Administrative Director via e-mail wherein he set forth why he believed he satisfied the requirements of Rule 4 of the RGAP. On April 9, 2014, Mr. Harlin received a letter from the Board, notifying him that the "Board has determined that you do not meet the necessary filing requirements for a Law Student Registration application."[9] The letter also advised Mr. Harlin that if he wished to apply and take the bar exam, he could "submit an Exam Application by Attorney prior to February 1, 2015."[10]

¶8 On December 2, 2014, Mr. Harlin submitted an Exam Application by Attorney along with the $1,000.00 application fee. Unlike Mr. Harlin's law student registration application, the Board processed the Exam Application by Attorney and accepted the fee. On March 31, 2015, Mr. Harlin received a letter from Patrick Kernan, general counsel for the Board, notifying him of the Board's denial of his Exam Application by Attorney and his right to appeal such decision under Rule 11 of the RGAP.[11] On April 15, 2015, Mr. Harlin timely requested a hearing under Rule 11 of the RGAP.

¶9 The Rule 11 hearing was held before the Board on November 4, 2015. At the hearing, Mr. Harlin argued that the Board had erred in denying his Exam Application by Attorney because under Rule 4, § 1 he was not required to satisfy the law student registration requirements of Rule 4, § 2, specifically the requirement that he obtain an undergraduate degree.[12] On November 19, 2015, Mr. Harlin received a letter from the Board notifying him that the Board had again denied his application. The letter advised him that the Board had found that even as an attorney applying under § 1 of Rule 4, Mr. Harlin had to comply with all of the requirements of law student registration found in § 2, including obtaining an undergraduate degree.

¶10 Mr. Harlin timely appealed the decision of the Board to this Court on December 18, 2015. Briefing was completed on April 25, 2016, and the cause was assigned to this office on April 26, 2016. We note that during the pendency of the proceedings before the Board, Mr. Harlin graduated summa cum laude from Oklahoma City University School of Law in May of 2015 where he served on the Oklahoma City University Law Review and was voted by the faculty as the Most Outstanding Graduate of the Class of 2015.

Standard of Review

¶11 In a proceeding to review the Board's decision denying an application for admission by examination, this Court reviews de novo the entire record tendered. Application of Sanger, 1993 OK 158, ¶ 12, 865 P.2d 338, 344. The "findings of fact made by the Board are neither binding nor persuasive," and this Court "must pass on the sufficiency and weight of the evidence as a tribunal of first instance." Id., ¶ 13, 865 P.2d at 344-45. "The burden rests upon the applicant to show himself entitled to the relief sought." Id.

Rule 4

¶12 Rule 4 of the RGAP provides for admission to the practice of law in Oklahoma by examination.[13] The issue in the case before us is whether an attorney applying to take the bar exam under § 1 of Rule 4 must meet the same requirements as a law student applying to take the bar exam under § 2 of Rule 4, specifically the undergraduate degree requirement found in § 2(a) of Rule 4. Rule 4, § 1 applies to any attorney licensed to practice law in a non-reciprocal jurisdiction who seeks to apply for admission to the Oklahoma Bar by examination. Under § 1, an attorney must meet "the requirements of this Rule, except that such attorney shall not be required to register as a law student."[14] By its terms, § 1 specifically exempts attorney applicants from the law student registration requirements of § 2. Nothing in § 1 requires an attorney applicant to have an undergraduate degree. The only other registration requirement under § 1 is that an attorney applicant "provide at his or her own expense a report by the National Conference of Bar Examiners."[15]

¶13 Section 2, on the other hand, specifically applies to applicants registering as law students: "No person shall be entitled to take an examination for admission to practice law in this state unless such person shall have registered as a law student filing the verified application for registration by the 15th day of October of the student's second year of law school on forms prescribed by the Board of Bar Examiners . . . ."[16] Section 2 continues on, requiring an undergraduate degree, two sets of fingerprints, a recent photograph, and an NCBE Student Application Report for Character and Fitness at the applicant's expense. The Board concluded in its Findings of Facts and Conclusions of Law that because all applicants, whether applying as law students or as attorneys from non-reciprocal jurisdictions, had to provide two sets of fingerprints, a recent photograph, and an NCBE character and fitness report as prescribed in § 2 of Rule 4, that the undergraduate degree requirement of § 2 must also necessarily apply to all applicants. We disagree.

¶14 The character and fitness report requirement of § 2 specifically differs from the character and fitness report required in § 1. Section 1 requires that "such attorney shall be required to provide at his or her own expense a report by the National Conference of Bar Examiners" whereas § 2 specifically requires an "NCBE Student Application Report for Character and Fitness at his or her own expense."[17] Although the reports may, in substance, be similar, the plain language of Rule 4 again differentiates between an attorney applicant and a law student applicant. And contrary to the Board's interpretation, § 1 does not require an attorney applicant to provide two sets of fingerprints or a recent photograph. The fact that Mr. Harlin complied with all requests of the Board and provided his fingerprints and a recent photograph does not support the Board's position. Any applicant would comply with reasonable requests of this type of information rather than risk having his or her application denied based only on failure to submit such information. The Board also noted in its Findings of Facts and Conclusions of Law that the "official eight page Exam Application by Attorney, approved by the Oklahoma Supreme Court," contains a section requiring an applicant to attach an "[o]fficial (certified) transcript(s) from schools granting undergraduate and law school degrees."[18] However, the exam application does not control over the plain language of Rule 4.[19]

¶ 15 Section 3 of Rule 4 applies to any application to take the bar exam because it does not specify whether it applies to attorney applicants or law student applicants. Section 3 of Rule 4 requires that an application be filed at "least six months prior to the date of examination," "contain proof of law school study . . . from a law school . . . accredited by the American Bar Association," and that the applicant "furnish evidence that a score satisfactory to the Board of Bar Examiners on the Multistate Professional Responsibility Examination has been attained."[20] The record reflects that Mr. Harlin's application was filed at least six months prior to the date of the examination, that he has obtained a law degree from a law school accredited by the ABA, and has obtained a satisfactory score on the MPRE.

Conclusion

¶16 We conclude that Mr. Harlin, as an attorney licensed to practice law in a non-reciprocal jurisdiction, has met the requirements of Rule 4 for admission to the practice of law in Oklahoma by examination and no outstanding requirements remain.[21] The decision of the Board is reversed, and Mr. Harlin shall be allowed to take the Oklahoma bar exam.

¶17 ALL JUSTICES CONCUR

FOOTNOTES

[1] 5 O.S. 2011 ch. 1, app. 5, R. 4.

[2] The record indicates that the four-year program at Oak Brook is a distance-based approach consisting mainly of casebook and hornbook study, which Mr. Harlin completed while living in Muskogee. Certain classes, including trial advocacy and appellate advocacy, were conducted face-to-face with professors at a conference center in the Midwest. Mr. Harlin also participated in four separate foreign study programs offered by Oak Brook.

[3] California does not have reciprocity with Oklahoma. Mr. Harlin first inquired with the Board about admission to the practice of law in Oklahoma in early 2010.

[4] All members of the Board are licensed attorneys and members of the Oklahoma Bar Association. While the Administrative Director is not an attorney, the record in this case makes clear that the Board has authorized the Administrative Director to speak on its behalf as its agent. Because the Board has allowed the Administrative Director to act as its agent, it is reasonable for an applicant inquiring into the admission process to accept and rely on the Administrative Director's statements as the position of the Board. See In re Application of Jackson, SCBD 5985, Order.

[5] The record indicates Mr. Harlin began law school while still living in Muskogee, but that at some point during his tenure at Oklahoma City University School of Law, moved to Oklahoma City to complete his studies.

[6] OBBE Exhibits, Ex. 6A at 9.

[7] Under Rule 2 of the Rules of the Supreme Court on Licensed Legal Internship, a law student, among other requirements, must have "registered and been accepted as a law student with the Board of Bar Examiners" in order to be eligible for a limited license as a licensed legal intern. 5 O.S. 2011 ch. 1, App. 6, R. 2.1. After registering with the Board as a law student, a law student must later submit an Exam Application by Registered Law Student to apply for and sit for a bar exam.

[8] OBBE Exhibits, Ex. 6A at 2.

[9] OBBE Exhibits, Ex. 6 at 44.

[10] Id.

[11] Id. at 54.

[12] Mr. Harlin also argued that based on his qualifications, the Board should consider waiving the Rule 4, § 2 undergraduate degree requirement. Mr. Harlin also argued that the Board should be estopped from denying his application because of his reliance upon statements made by the Administrative Director in the April 9, 2014 letter. Mr. Harlin specifically relied on this Court's recent decision in In re Application of Jackson, wherein this Court approved an application to practice law in this state under Rule 2 of the RGAP in part because "the applicant received advice [from the Administrative Director] which caused him to make substantial life decisions based on a belief that he would be allowed to practice law in Oklahoma without completing a bar examination . . . ." In re Application of Jackson, SCBD 5985, Order, ¶ 8 (emphasis added).

[13] Rule 4 of the RGAP provides in its entirety:

Section 1. When examination of an attorney of another jurisdiction is required of one who is not eligible for admission upon motion as provided in Rule Two hereof, such attorney may be permitted by the Board of Bar Examiners to take an examination prescribed in Rule Five upon meeting the requirements of this Rule, except that such attorney shall not be required to register as a law student. However, such attorney shall be required to provide at his or her own expense a report by the National Conference of Bar Examiners.

Section 2. No person shall be entitled to take an examination for admission to practice law in this state unless such person shall have registered as a law student filing the verified application for registration by the 15th day of October of the student's second year of law school on forms prescribed by the Board of Bar Examiners setting forth such information as the as the Board requires including:

(a) Certificate of graduation with a Bachelor of Arts or Science degree from a college whose credit hours are transferable to the University of Oklahoma, Oklahoma City University or University of Tulsa, with transcript attached of undergraduate college work.

(b) Two (2) sets of fingerprints which may be submitted to both the Oklahoma State Bureau of Investigation and the Federal Bureau of Investigation for appropriate record reviews.

(c) Recent photograph.

(d) NCBE Student Application Report for Character and Fitness at his or her own expense.

The Board may, in its discretion, register nunc pro tunc students who have been enrolled in a law school accredited by the American Bar Association upon compliance with all applicable rules herein.

The application provided by this section shall be valid for a period of ten (10) years. In the event the applicant has not activated the application within this ten (10) year period, the application will no longer be valid and the file containing the application and required information will be destroyed.

Section 3. Application to take the bar exam shall be filed at least six months prior to the date of examination on forms prescribed by the Board of Bar Examiners setting forth such information as the Board requires. No applicant shall be permitted to take the bar examination until the applicant furnishes to the Board of Bar Examiners proof of law school study with a certified transcript attached and a certificate of the law school dean or associate dean that the applicant has met the requirements for graduation with a Juris Doctor degree from a law school in the United States of America, its territories or possessions, accredited by the American Bar Association.

A person who matriculates at a law school which was accredited when applicant enrolled therein, and who completes the course of study and is graduated therefrom, shall be deemed a graduate of an accredited law school, even though the school's accreditation was withdrawn while the applicant was enrolled therein.

No applicant may be admitted by examination until he or she shall furnish evidence that a score satisfactory to the Board of Bar Examiners on the Multistate Professional Responsibility Examination has been attained.

Admission must be effected within one year after the date the applicant successfully completes the Bar Examination unless extended by the Board of Bar Examiners.

5 O.S. 2011 ch.1, app. 5, R. 4.

[14] Id., R. 4, § 1 (emphasis added).

[15] Id.

[16] 5 O.S. 2011 ch.1, app. 5, R. 4, § 2 (emphasis added).

[17] 5 O.S. 2011 ch.1, app. 5, R. 4, §§ 1- 2 (emphasis added).

[18] Petition in Error, Ex. A. at 4-5.

[19] A court form shall be based upon the applicable rules in effect at the time the form was created. Ellington v. Horwitz Enterprises, 2003 OK 37, 68 P.3d 983. This Court approves court rules and forms only as a matter of procedure. Court rules and forms are not approved in substance and are subject to challenge if inconsistent with statutory or constitutional law. See, e.g., Cornett v. Carr, 2013 OK 30, ¶ 13, 302 P.3d 769, 773 (concluding that Rule 9(a) of the Rules of the District Courts directly conflicted with 12 O.S. Supp. 2002 § 2004(I) to the extent it shortened a plaintiff's allocated time for service of summons).

[20] 5 O.S. 2011 ch.1, app. 5, R. 4, § 3.

[21] Mr. Harlin requested and received from the National Conference of Bar Examiners a character and fitness report specifically to be used with his Exam Application by Attorney. Caleb A. Harlin Exhibits, Ex. 4. The record contains the character and fitness report provided by the National Conference of Bar Examiners to Mr. Harlin prepared on or around November 25, 2014. After conducting a de novo review of the entire record, we conclude that no character and fitness issues remain outstanding.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1993 OK 158, 865 P.2d 338, 64 OBJ 3641, Sanger, Application of
Discussed
 2003 OK 37, 68 P.3d 983, ELLINGTON v. HORWITZ ENTERPRISES
Discussed
 2013 OK 30, 302 P.3d 769, CORNETT v. CARR
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2004, 12 O.S. 2004, Process
Cited